UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA ,LINDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 JUN 29  PM 12: 19

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

MARTIN C. GOLUB
          Plaintiff,
          V,

CAUSE NO.

**1: 11-cv-0875 RLY -DML**

United States of America
C/o US Attorney
10 W Market St
Indianapolis, In 46204

Roger Goodes
Special Agent in Charge Indianapolis Field Division
United States Secret Service,
575 Pennsylvania St
Indianapolis, In. 46204
In his official capacity

Walter" Buddy"  Burns
Assistant Special agent in charge of the United States Secret Service,
Indianapolis Field office#211
575 Pennsylvania St
Indianapolis, In. 46204
 In his official  capacity

Diane Smith aka a Jane Doe # 1
US Secret Service special agent
575 N Pennsylvania St.#211
Indianapolis, in 46204
 In her official and individual capacity

Melody Bartlett aka  Jane Doe # 2
US Secret Service special agent
575 N Pennsylvania St. #211
Indianapolis, In. 46204
In her official and individual capacity

Jane Doe # 3 aka
US Secret Service Special Agent
575 N Pennsylvania St. #211
Indianapolis, In. 46204
In her official and individual capacity

Jane Doe # 4 aka Mckenzie (a nickname)
US Secret Service special agent
575 N Pennsylvania St. #211
Indianapolis, In. 46204
In her official and individual capacity

Margo Schlanger
Officer for Civil Rights and Civil Liberties
Department of Homeland Security   Building 410, Mail Stop #0190
Washington, D.C. 20528
In his official capacity

Keith Prewitt
Deputy Director of the "US Secret Service
245 Murray Lane SW Bldg T-5
Washington, D.C. 20528
In his official capacity

Defendants ,

## COMPLAINT

This is an action brought forth for Constitutional violations to redress for denial of equal access to the

law due and law enforcement services to the deprivation of Plaintiffs federally protected rights due to

numerous unreasonable, unconstitutional search and seizure with oral intercept alleged in this

complaint, The complaint is supported Bevins vs Six Unknown Named Agents of the Federal Bureau

of Narcotics and the Federal Tort Act a 28 U.S.C. § 2671,et seq. (Constitutional Violations 1st, 4th,

5th Amendment Constitutional Torts),This actions is also brought forth to compel those duties

unreasonable delayed or withheld by the Officer of Civil Rights and Civil Liberties and those federal

officers Indianapolis Field office of the United States Secret Service a component of the Department

of Homeland Security  whom are subject to judicial review act 5 U.S.C. § §701-706 and other

redress for grievance allotted by law to an aggrieved American citizen


## INTRODUCTION

1.This civil action concerns outrageous, constitutionally repugnant, ultra vires warrant less search and

seizures and oral intercept with-out writ, lacking  probable cause or exigent emergency

circumstances conducted by the United States Secret Service special agents  Diane Smith aka Jane

Doe #1, Melody Bartlett aka Jane Doe # 2, Special agent Jane Doe# 3 aka . Special agent Jane Doe #

4 aka McKenzie (a nickname).The federal defendants individually by estoppel suppressed their

illegal activities by withholding or failing to provide those duties in accordance with their sworn oath

Title 5 § 3331, and adherence to internal policy, "DHS" management directives that mandate

specific statutory duties and ethics, and rules regulatory federal statutes for conducting search and seizure, wiretap, oral intercept, video surveillance. This complaint is also redress for failure to adhere to the directives, Orders ,ethical ,statutory duties to report constitutional violations or criminal wrongdoing committed by a federal officer. The illegal or unconstitutional actions alleged in this pleading were conducted under the authority or direction or after the fact with direct implicit knowledge of the 2 superior officers of the Indianapolis Filed office of the "USSS" to who have been complained to about the unconstitutional video search and seizures and oral intercept and assault that failed to ensure the civil rights and civil liberties of persons are not diminished by efforts, activities, and programs of the "DHS". Those superior officers complained to individually of the Indianapolis Filed office of the "USSS" who chose to unreasonably delay or withhold their statutory duties owed the plaintiff to uphold Plaintiffs constitutional rights pursuant to their sworn oath Title 5 § 3331 and those other regulatory, statutory duties. The did not adhere to those duties designated by the Office of Civil rights and Liberties to ensure the programs of the "DHS" did not diminish the civil rights and civil liberties of citizens under the watch of the "USSS". Furthermore the federal defendants failed to comply with those policies, procedures set forth but Office of Civil Rights and civil liberties to designed to investigate, respond to and redress complaints from Plaintiff who alleged the "USSS" had violated his privacy and civil liberties, a duty they would owe an aggrieved person The special agents search and seizures are those acts that have injured plaintiff and oppressed, infringed numerous of his civil rights as they were warrant less, without writ or probable cause, lacking exigent or emergency circumstance. The Federal officers charged by SAC Goodes of the "USSS" failed to present or ensure that affidavits to request for search and seizure or oral intercept were made to a neutral ,detached magistrate whose sworn duty would balance the need to protect 4th amendment privacy and civil liberties of

Golub vs those lawful needs of the "USSS".. The numerous unconstitutional search and

seizures, oral intercept were contrary to those rules set forth by the Federal Rules of Criminal

procedures and all other Statutes that govern search and seizure video surveillance with oral

intercept. The numerous unconstitutional search and seizure continued even after plaintiff

represented to the federal agents of the Indianapolis office of the 'USSS" he had a subjective

expectation of privacy in certain areas of his life or home to which any ordinary American would

have a reasonable expectation of privacy. This action is also brought forth as a writ of Mandamus to

compel those federal officers and those superiors officer to enact, perform, undergo those mandatory

duties to uphold plaintiff constitutional rights and remove those immanent threats that oppressed the

plaintiff's civil liberties. As a result of the Federal officers of the "USSSS Indianapolis offcie

withholding or unreasonably delaying those duties owed Plaintiff , Golub lodged several complaints

identifying civil rights abuses to Margo Schlanger the Officer of Civil Rights and Liberties of the

Department of Homeland Security. This complaint is brought forth also as a writ of mandamus to

compel the Officer of Civil rights and civil liberties to provide those statutory duties she has

unreasonably delayed or withheld owed plaintiff that are set forth by her appointment as the officer

of civil rights and Civil liberties pursuant to U.S.C. 6 § 345 (a1) and a (5a) and a (6) and those other

statutory or legal duties owed Golub identified in this complaint

.

### Jurisdiction

2.This court has subject matter over claims made in this civil actions pursuant to 28

U.S.C. § 1331 as a case that arises under the Articles III section1 and article VI clauses

2,3 First, Fourth Fifth amendment of the Constitution of the United States.28 U.S.C. §

1361,28 U.S.C. § 1346 , 28 § 1346 (b2) ,28 U.S.C. § 2201,28 U.S.C. § 1343(a3)(a4)  28

U.S.C.§ 2671 et seq. Federal Tort Claims Act,42 U.S.C § 1981(a),42 U.S.C. §

1983, 42 U.S.C.2000bb-1(a)&(b2),42 U.S.C. 2000bb-3 (c),42  U.S.C  § 2000ee 1(b2)

and (a 1-4) 6 U.S.C 111(bg),6 U.S.C. § 111(g),6U.S.C. §111(d3)(f),6 U.S.C §345

(1)(3)(4)(6),Public law 107-296- Under Section 705(a)(1) of the Homeland Security Act

notably sections 705(a1),Title 5 et seq. § 701-706 (1),(2),(2a),2(b),(2c).(2d) , 18 U.S.C §

2518,18 U.S.C chapter 121 §2712 ,"DHS  management directive 0480.0,Executive order

12333 For those federal officer sued in an individual capacity those causes of actions are

provided for by Bivens V Six Unknown Named Agents of the Federal Bureau of narcotics,

403U.S. 388(1971). . The United States is directly liable to plaintiff for negligent

unintentional inflection of emotional duress suffered pursuant to the "FTCA". All

applicable Indiana laws including Indiana Code- 34-13-3 et seq. for those federal officer

sued in their individual capacity and official capacity


Venue

3. Venue is appropriate in the District of Indiana under 28 U.S.C. § 1343(a3)(a4),28

U.S.C.§ 1391(e)(1)(2)(3) ,28 U.S.C.§1346(b) as a substantial part of the events or

omission giving rise to these claims occurred in Marin County, Indiana, The Plaintiff is a

resident of Marion County, Indiana, The defendant the United States and  it agencies have

a physical presence in Indiana ,The federal agents our residents of Indiana.28 U.S.C. §§

2201, 2202, 5 U.S.C § 703 and Federal Rules of Civil Procedure, Rules 38, 39 and 57.

Parties

4.Plaintiff Martin C Golub ( Golub  or Plaintiff) is an American Citizen .He is Caucasian
and Cherokee and Choctaw Indian and is a Hebrew who observes the Jewish Faith. Golub
is a resident Of Indiana.

5. Defendant: The United States of America ("United States")   is a defendant in this
action  pursuant to the Federal Tort Claims Act ('FTCA") For claims arising from the
intentional and negligent intentional inflictions of emotional duress claims committed by its
employees and agents with the United States Secret Service ('USSS") a component of the
Department of Homeland Security ("DHS") and it principal investigative body and for
separate  violations of Title 18 § 2712 (a) .

5. Defendant: Roger Goodes is the Special Agent in charge of the Indianapolis
field Division of the "USSS". He is sued in his official and individual capacity. He
is a resident of Indiana. His sworn duty includes the responsibility for planning,
controlling, directing, and coordinating the work of professional, technical and
administrative support in carry out various law enforcement protective programs.
He is sued in his individual and official capacity.

6. Defendant: Walter" Buddy" Burns is the Assistant Special Agent in charge of
the Indianapolis field Division of the "USSS". He is a resident of Indiana. His
sworn duty includes the assisting Goodes in the responsibility for planning,
controlling, directing, and coordinating the  work of professional, technical and
administrative support in carry out various law enforcement protective programs.

administrative support in carry out various law enforcement protective programs. He is sued in his official and individual capacity

7. Defendant: Diane Smith aka Jane Doe # 1  is a Special Agent of the Indianapolis field Division of the "USSS" She is a resident of Indiana.  She is sued in her official and individual capacity

8. Defendant: Melody Bartlett aka Jane Doe # 2 is a Special Agent of the Indianapolis field Division of the "USSS". She is a resident of Indiana. She is sued in her official and individual capacity

9. Defendant: Jane Doe # 3 aka is a Special Agent of the Indianapolis field Division of the "USSS". She is a resident of Indiana. She is sued in her official and individual capacity

10. Defendant: Jane Doe # 4 aka Mckenzie (a nickname) is a Special Agent of the Indianapolis field Division of the "USSS". She is a resident of Indiana.  She is sued in her official and individual capacity

11. Defendant: Margo Schlanger is the Officer for Civil Rights and Civil Liberties for the Department of Homeland Security , she resides and works in Washingto D.C. She is sued in her official capacity

12.Defendanst. Deputy Director Keith Prewitt of the "USSS"  is a Special Agent of the "USSS". He is a resident of Maryland and works in Washington DC.  He is sued in his official capacity

## Equitable toll

13.Plaintiff alleges equitable toll in this complaint, equitable tolling extends a limitations period if a filing deadline passes due to a defendant's misconduct and instrumentality of estoppel. The plaintiffs also states that equitable toll principle requirements under the Doctrine of Contra non valentem may be met .These principles enable the plaintiff to institute the equitable toll in most cases instituted in this legal and jurisdictional right. The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not being to run until a reasonable person would be aware that his or her rights have been violated The plaintiff rights will be effected by fraudulent concealment, equitable estoppel, and due to the suppression of evidence, and any instrumentality of actions, negligence, corruption, failure to act in conjunction with Article VI clause 2,3 and Title 5 § 3331 (sworn oaths) DHS management directive 04801.01 issued on 03/01/2003 with respect to adhering to 5 C.F.R § 2635.101(a-c) by those special agents of the Indianapolis filed office of the "USSS" that deprived the plaintiff of his right to timely file for redress ,part of that redress is to be provided the proper identity of those special agents as requested of the "USSS" who violated his civil rights. A crime victims' rights are codified by Title 18 § 3771 as guaranteed by the due process clause of the Fifth amendment of the US constitution.

## Facts

14. The United States Secret Service is a component of the Department of Homeland Security and is a an executive agency of the US Government defined in Executive order 12333

15. The Department of Homeland Security was established pursuant to 6 U.S.C. §111 as an executive department of the United States within the meaning of title § 5,

16. Title 6 U.S.C. S.C. §111 (b1) established "DHS' primary mission

17. Title 6 U.S.C.§111  (b1) (g) outlines "DHS" mission to ensure that the civil rights and civil liberties of persons are not diminished by efforts, activities, and programs aimed at securing the homeland18. Title 6 U.S.C. §345 (a)(b) establishes the duties the officer for Civil right  and liberties

19.Title 42 §  2000-ee is the statute for creation of a Civil rights and Civil Liberties officer

20. Each Special agent of the "USSS"  sworn to service to the US Government by their oath of service pursuant to Article VI clauses 2 and 3 of the U.S. Constitution codified by Title 5 § 3331
21.Each federal officer including the Office for civil rights and civil liberty have statutory duty to comply, adhere to with  DHS management directive 04801.01 issued on 03/01/2003 mandating each federal officer to compliance, adherence to 5 C.F.R § 2635.101 (a)(b1- b11) ( c )

22.. The "USSS" duties powers and authorities are charged by Title 18 § 3056 and §3056 ( C ) (c )(f).

23. Title 18 § 3056 **(a)(3)**Under the direction of the Secretary of

Homeland Security, the United States Secret Service is authorized to protect the following persons: designate with protectee status (i) Former President Clinton,(ii) Secretary of State Hillary Clinton and (iii) former president George W Bush and his father a former president

24. A member of SAC Goodes field office Jane Doe # 4 (Mckenzie) identified to plaintiff the fact that she is charged by the "USSS" to use oral and video intercept equipment to (a)monitor(b)track(C ) conduct physical surveillance(d) tracking (e) oral intercept

25. Jane Doe # 4 factually stated to plaintiff she was charged to duty pursuant to authority of Title 18 § 3056 (a)(3) et. Seq. under the direction of Goodes as she and three coworkers conduct their assignment from Telework locations

26. DHS directives systems "MD number: 123-05 on 05/31/2007 permits DHS employees to Telework pursuant to Public law 106-346 to work alternate worksites..

27. Jane Doe # 4 (Mckenzie) of the "USSS advised Golub that the periods of 03/15/2010 thru 04/16/2011 he remained subject or target of a "USSS" protectee program

28.Part 2 or Scope of "DHS directive 4001.1 issued by Wireless national office identifies the types of wireless technologies used by the components of the "DHS"

29.The "USSS" Indianapolis office has access to electronic and video surveillance technology identified in the "DHS' directive 4001.1 to

29.The "USSS" Indianapolis office has access to electronic and video surveillance technology identified in the "DHS' directive 4001.1 to conduct (a)video surveillance (B) electronic surveillance( C) oral intercept (d) wiretap (e)physical surveillance ,monitoring  those duties charged them by their superiors or  pursuant to Title 18 § 3056  et. Seq.

30. Title 18 chapter 119 § 2518 (1). defines the statutory duties of  a federal officer required to perform before and during wiretap activities

31.Title 28 2518(5) defines the statutory duties of  a federal officer are required to perform, before and during wiretap activities to be conduct a wiretap  in such a way as to minimize the interception of communications not otherwise subject to interception under the wiretap statute

32. Federal Rule of criminal procedure Rule 41 et. Seq,(ii)4th amendment and (iii) Title 18 §§ 3103(a) 3104 defines those procedures & statutory duties to present to a neutral magistrate to obtain  judicial authority for a search warrants for (a) video surveillance seizures of a person (b)document ( c ) property defined by Title 18 § § 3110 ,3111 & 41 (g) (d) oral intercept  (e) of an interior of an automobile(f) of electronic communication(g) emails (I)internet searches(h) other non private information

33. 18 U.S.C. Sec.§ 2518 (1-12) is the federal guidelines for oral intercept

34. A federal officer swearing out a search warrant or oral intercept warrant must present to a neutral magistrate an opportunity to

35. 18 U.S.C. Sec. 2518(1)(5) allows a federal officer's with oral intercept warrant for a period of interception to be longer than necessary to achieve the objective of the authorization, or in any event no longer than thirty days

36. The mandatory rules for obtain wiretap orders in the United States are set forth by the Omnibus crime control and safe streets act of 1968, Public law 90-351.82 stat 197, 42 U.S.C. §3711 and any it subsequent amendments

37. The "USSS" and its special agents of the Indianapolis field office under SAC Goodes failed to adhere to the wiretap rules set forth in Law enforcement activities  where Plaintiff is the subject of or target of pursuant to  the Omnibus  crime control and safe streets act of 1968 Public law 90-351.82 stat 197, 42 U.S.C. §3711

38. 18 U.S.C § 2515 and Title 18 § 2717 provides for relief by means of suppression  of evidence due to the  failure of a Special agents of the "USSS" to comply with the statutory requirements for intrusive oral intercept Title 18 § 2510 et. Seq. such as (a)wiretaps(b) bugs

39. The USSS special agents of the Indianapolis office did not perform the requisite ethical duties s pursuant to Title 5 § 3331 (a)nor adhere

to the federal statute for video surveillance & oral intercept for violations of the strict requirements of the 4th amendment of the US constitution during wiretap activities and search and seizure of Golub's (1) residence,(2)person,( 3 )papers,(4) computer ,(5)email ,(6) internet,(7) and (8)automobile (9) of his privileged conversations(10) internet use/web traffic

40. The " USSS" has failed to meet the high burden to meet in showing the necessity of video surveillance of the interior of Golub's home(s)

41.Pursuant to the administrative guidelines of the Federal Tort Claims Act ,Golub submitted to SAC Goodes sf 95 claim forms for personal injuries suffered between the dates of 03/15/2010 thru 11/23/2010 via certified mail # 70091410000184463981

42. Pursuant to the administrative guidelines of the Federal Tort Claims Act ,Golub submitted via certified mail claims for additional injuries for 03/26/10 - 11/26/10 to the authorized agents for SAC Goodes by via certified mail # (1)70110470000099824457 ,(2) 70090960000047314729

43. Golub was advised by Jane Doe # 4 of facts specifying each injurous act conducted by the "USSS" in which she had some instrumental

presence or was a participant for the injuries identified in the submitted sf95 forms  injuries suffered 03/15/2010 thru 11/26/2010.

44.Golub was advised by Jane Doe # 4 she had some instrumental presence or was a participant for the injuries identified on exhibit A periods of 11/27/2010 and those extended periods of time thru 04/16/2011 of stated in the Bivens portion of this complaint

45. Jane Doe # 4 statements are recorded pursuant to Title 18 § 2518 (8a). with the use of the same electronic audio surveillance equipment used by the "USSS" to intercept and record Golub's oral communication.

46. A "USSS" Doe special agent(s) and or  Jane Doe # 4(McKenzie)having an instrumental or direct presence  conducted warrant less search and seizure with video surveillance with oral intercept equipment to conduct their activity  without(a) exigent or(b) emergency circumstances or ( C )probable cause

47. On the dates on exhibit's (A) a "USSS" Doe special agent(s) with Jane Doe # 4(McKenzie)having an instrumental or direct presence conducted with  the aide of technology identified by "DHS' directive 4001.1 conducted  video surveillance  with oral intercept of Plaintiff

48.On the dates and at the locations listed on exhibit (A) a "USSS" Doe special agent with Jane Doe # 4(McKenzie) seized constitutionally

protected (1)papers(2) documents,(3) e-mail(4) interiors of

automobile (5)privileged areas of a person(6)other non public

information located in locations/premises identified in this complaint

(7) privileged conversation (8)religious service  participation

(8)internet web use(9)computer

49. On the days listed exhibit A, a "USSS" Doe special agent(s) with

Jane Doe # 4(McKenzie) acting  with in the scope of their

employment with the 'USSS" conducted or participated in warrant less

video search and seizure with oral intercept outside of her scope of

employment  as she and her coworkers were not enforcing any

particular law at or in the locations on the dates listed on exhibit A or

plaintiffs home

50. On the days listed on Exhibit A the federal officers had a statutory

duty uphold to Title 18  § 2518 4(3).

51. The Doe federal officers of the "USSS" intercepted and seized

privileged conversations known to each of the federal officer to be

constitutionally privileged and not otherwise subject to any

interception under Title 18 §2510 et.seq violated Title 18 § 2518 4(3)

51. The Does Defendants of the "USSS"  failed to  report the violation(s) Title

18 § 2518 4(3)  to the appropriate authority

52. By failing to report the violations of Title 18 §2510 et.seq and Title 18 § 2518, 4(3) on the days and locations specified on exhibit A those Doe defendants charged by the "USSS" violated DHS management directive 04801.01

53.Between the dates of 03/15/2010 thru 04/16/2011 at and in the premise of 8275 Craig St # 140 Indianapolis or other like or same privileged locations of exhibit A with use of or by aide of "USSS' equipment a "USSS" Doe special agent(s) with Jane Doe # 4(McKenzie) participated in the continuation of seizing Golub's constitutionally (1)protected papers(2)documents(3)emails (4)internet use via computer(5) of interior of automobile (6 )other non- public information at the identified locations/premises identified in this complaint(7)privileged conversations

54.On the dates identified in # 53 of this complaint a "USSS" Doe special agent(s) with Jane Doe # 4(McKenzie) acting with in the scope of their employment with the 'USSS" conducted or participated in search and seizure and oral intercept outside of their scope of employment as they were not enforcing any particular law.

55.The "USSS" captured real time intimate areas of Plaintiff's home Including those specific areas where Golub expressed there was a reasonable expectation of privacy identified in his civil rights

complaints by means of warrant-less (1)video surveillance(a) lacking probable cause(b) or emergency and ( C )exigent circumstances(d) or any judicial authority

56. On 09/17/2010, "USSS" special agent(s) with Jane Doe # 4(McKenzie) acting with in the scope of her employment with the 'USSS" conducted or participated in video search and seizure and oral intercept outside of their scope of employment as they were not enforcing any particular law during the Jewish High Holidays of Yom Kippur as Golub served and tried to completely participate n his 1st amended freedom of religion as he observed his Hebrew Faith attending Temple Beth el Zadek.

57. Since 11/2010 Golub has made numerous written and oral civil rights complaints to SAC Goodes, ASAC Burns and each of the Four Doe defendants relating to injurious constitutional and statutory injuries due to (a) violations of Title 5 §3331(b) violations of "FRCP rule 41(c) Title 18 § 2518(b5). (c)First amendment (d) Fourth Amendment, (e) Fifth Amendment (f)oral intercept that violated Title 18 § 2510 et.seq.(G) other violations "USSS" policy and procedure set forth by the office of civil rights and civil liberty (h) violations of the code of ethics set forth by 5 C.F.R§ 2535.101(a-c)

58. Golub in his submission to the defendants in this case pursuant to "USSS" policy, law or by the Office of civil rights and civil liberties requested those wrongdoings alleged in this complaints be reported to appropriate authorities pursuant to their duty 5 § C.F.R 2635.101(b11)

59. Golub requested to each of the federal officer of the DHS and its component the 'USSS" defendants that unconstitutional search and seizures along with the video captures be ceased

60. Golub requested the Federal officers of the "USSS" named or as a Doe to adhere to the 5 § C.F.R 2635.101 to perform those duties to uphold his constitutional rights

61. Golub has made written and oral civil rights complaints for those injuries identified on the executed sf 95 forms to agents Smith, Bartlett, Jane Does #3 and Jane Doe # 4 and their authorized agent at the (I)Indianapolis Field office (ii)or to their Telework site

62. On each of the return receipt of certified mail including those sent to the "authorize agents' for the 4 Doe agents and "Goodes, Burns"

is signed as accepted a special agent who signed with illegible

signature or initial "CW" at the Indianapolis Field Office


63.The three of the Jane Does have not responded directly or

indirectly to any of the numerous civil rights complaints aggrieving

the plaintiff as a direct and proximate result of the unconstitutional

conduct they conducted, participated, or witnessed


64.Since 11/2010 Golub has made numerous written and oral civil

rights complaints to which he has not been responded directly o

indirectly or at all to  address Golub's complaint via certified mail  to

SAC Goodes and his is authorized agent via certified mail :

(1)certified mail dated 03/07/2011l-70090960000047314774
(2)certified mail dated 03/28/2011 -70090960000047314729
(3)certified mail dated 03/28/2011 -70110470000099824457


65. Since 11/2010  Golub has made numerous written and oral civil

rights complaints to ASAC Burns and his  authorized agent

via certified mail ,he  has not responded directly or indirectly or at all

to  Golub  relating to injurious constitutional injuries as identified on

the executed sf 95 forms

(1)certified mailed  - 70090960000047314781
(2)certified mail to  - 70090960000047314729 .
(3) certified mail to - 70110470000099824457

66. SAC Goodes ,ASAC Burns and each of the 4 Jane Does have failed to or unreasonably withheld those duties owed to perform their lawful ,statutory duties to (I)cease the corrupt ,unconstitutional acts alleged in each and all of Plaintiff's truthful Civil rights complaint,(ii) to report the of unconstitutional acts committed by themselves or those that have personally witnessed the appropriate authorities (iii)Title 5 §3331 (iv)5C.F.R. §2635.101(a-c)

67.SAC Goodes ,ASAC Burns and each of the 4 Jane Does have failed to or unreasonably withheld those duties owed to investigate complaints and information indicating possible abuses of civil rights or civil liberties committed by those employee of the "USSS" witnessed or committed individually

68.SAC Goodes ,ASAC Burns and each of the 4 Jane Does have failed to or unreasonably withheld those duties owed to ensure compliance with constitutional, statutory, executive orders, regulatory, policy, and other requirements relating to the civil rights and civil liberties of Plaintiff affected by the programs and activities of the Department set forth by the Office of Civil rights and Civil Liberties

69.Each of the federal defendants failed to comply with "DHS" directive to DHS management directive 04801.01 mandating a federal employee duty to adhere to 5 C.F.R § 2635.101 (a)(b1- b11)

70. Golub has made multiple civil rights complaints on 07/18/2010 via

certified mail 70090960000047314644 on 12/06/2010 to the office of Civil rights and civil liberties to attention of Civil rights office Margo Schlanger and her predecessor

71. Golub has made A civil rights complaints to Civil rights officer Margo Schlanger submitted on her personal facebook page May 08 ,2011

72.Civil rights officer Margo Schlanger has not responded directly or indirectly about any of the numerous civil rights complaints aggrieving the plaintiff as a direct and proximate result of the unconstitutional conduct conducted by special agents of the "DHS" component the "USSS"

73. A false civil rights complaint to a federal officer is punishable by Title 18 § 1001

74.Jane Doe # 4 (mckenzie a nickname) statements of facts made to plaintiff are recorded pursuant to Title 18 § 2518 (8a) substantiating Plaintiff's injuries as identified each of the his submitted sf95 claims for injuries for (a) 03/15/2010 thru 11/26/2010 and those additonal (b) 11/27/2010 thru 04/16/2011.

75. Each of Jane Doe # 4 (Mckenzie)recorded statements pursuant to Title 18 § 2518 (8a) are instantaneously retrievable in the audio/ video repository of the archived or active contents logs of "USSS" operations system case computer file in which Golub is subject or target of the active "USSS" case file.

76.Golub submitted via certified mail # 70091410000184463981 to SAC Roger Goodes pursuant to the "FTCA" a sf 95 claim form for personal injuries suffered between the dates of 03/15/2010 thru 11/23/2010

77. As part of a chain of custody each submitted SF95 claim for injury to SAC Goodes were forwarded to the Deputy Director Prewitt at 'USSS" headquarters by the Indianapolis field office.

78. Deputy Director Prewitt sent a letter of denial 01/03/2011 to Golub indicating he reviewed Golub's claims for personal injuries suffered between the dates of 03/15/2010 thru 11/23/2010

79.on 05/19/2011 Deputy Director of the USSS Keith Prewitt issued a letter denying Golub's 2nd "FTCA" claim

80. Deputy Director Prewitt acquired his direct and implicit knowledge unconstitutional acts committed by those special agents of the 'USSS" field office under

SAC Goodes from to his personal review of over 38 executed sf 95 forms

81.In each of his denial letters Deputy Director Prewitt did not, has not  alleged the plaintiff claims were falsely submitted

82. The "USSS" is charged to authorized to investigate ,detect and arrest any person who violates  and make arrests for criminal violations of (I) Title 18 §278(ii) Title 18 §1001

83.Golub has not been charged with  the penalty for submitting a false claims for personal injury is punishable by (I) Title 18 § 287 and(ii) Title 18 § 1001.

84. Deputy Director Prewitt of the "USSS" has a official statutory duty  charged him pursuant to Title 18 § 3056  et seq. to ensure that Plaintiff is arrested as result of any false claims for injury made on the 38 sf95 forms for injury he personally reviewed and denied submitted by Golub

85. Deputy Director Prewitt has (a)not directed or(b) authorized to date Golub to be questioned (C )or directed his  immediate subordinates in the "USSS" Indianapolis field office or any entity of the "USSS to arrest Golub for any criminal violations of (1)Title 18 § 287 (2) Title 18 §1001(3)Title 18 § 3056 et seq

86.On 01/31/2011 Golub sent Prewitt via certified mail 70090950000047314675 (a)requesting to have unconstitutional conduct as alleged in this complaint cease(b ) investigated and (c) that Prewitt perform other statutory and ethical duties as required by oath and employment in the "USSS" to uphold plaintiff constitutional rights and procedural due process

87 Prewitt knowing the unconstitutional acts having occurred and remaining a imminent threat to be repeated by his federal officers has failed to or unreasonably withheld those duties owed to perform his (a) lawful ,statutory duties to have ceased the corrupt acts(B) to report the of unconstitutional acts to the appropriate authorities ( C ) pursuant to Title 5 §3331 to uphold plaintiffs constitutional rights (d) those other ethical duties pursuant to 5 C.F.R. §2635.101(a-c),(E) ensure compliance by the officers "USSS with constitutional, statutory, regulatory, executive orders, policy, and other requirements relating to the civil rights and civil liberties of individuals affected by the programs and activities of the Department set forth by the Office of Civil rights and Civil Liberties

88 Agents Smith, Bartlett, Jane Doe # 3,Jane Doe # 4 (mckenzie) have not questioned Golub nor been directed to question Golub by their immediate supervisors or Prewitt due to any criminal violations of (1) Title 18 § 287 (2) Title 18 §1001(3)Title 18 § 3056 et. Seq. Acts the 4 Does know the plaintiff did not commit

89. SAC Roger Goodes or ASAC Burns or any special agents under their charge have not (a) questioned (b)nor arrested Golub for any criminal violations of (1)Title 18 § 287 (2) Title 18 §1001 (3) Title 18 §3056 et seq.(4) any US law

89.Fact, On 04/16/2011 between 2:45pm thru 5:00pm and other intermittent dates and times Jane Doe # 4(Mckenzie) contacted plaintiff to reaffirm her past statements of facts identifying those unconstitutional acts injuring Plaintiff  as outlined in each of his  submitted sf 95 forms for injury Suffered  on 03/15/2010 thru 11/23/2010.

90.On 04/16 2011 between 2:45 pm thru 5:00 pm Jane Doe #4 indicated to Golub that her mission or charged duties have not ceased on behalf of the 'USSS".

91. Each and all of Jane Doe # 4 (Mckenzie) statements are recorded to pursuant to Title 18 § 2518 (8a) and are retrievable in the audio/ video repository of the archived or  active contents logs of "USSS" operational system case file in which Golub is subject or target of.

92. Jane Doe 4 has witnessed each and the submitted civil right complaints submitted by Golub as an aggrieved person  not responded

to by Goodes ,Burns ,Schlanger, Prewitt ,Does 1-3

93. Jane Doe 4  has not received any directive communications oral, electronic or any method of communications authorized by the "USSS" to cease the oral and video intercept of privileged communications or of the interior premises known to be privileged

94. Golub has made multiple civil rights complaints to the office of Civil rights and civil liberties to Officer Civil rights officer Margo Schlanger at (1)the "DHS",(2)her personal facebook page,(3)and to her predecessor to ask that they perform their mandatory duties owed to uphold his constitutional rights

95. The Officer of civil rights and liberties is appointed to her position pursuant to the authority of Title 6 § 113 (d3) she owe duties pursuant to Title 6 U.S.C. § 345(b1) ,(g) , (3), (4)(a-c),(5) a

(i). the officer of civil rights and liberties has  not performed her duty pursuant to Title 6 345 **(3)**,(b1) ,(g) , (3), (4)(a-c),(5a)

96.The Civil rights and civil liberties officer has duties charged by  Title  42  § 2000ee-1 a( **2)**

97.There is no evidence that the Plaintiff civil rights abuses have not been received by those Federal officers or their authorized agents in "USSS' Indianapolis field office

98. Fact There is no evidence that the Plaintiff civil rights abuses have not been received by the "USSS' Deputy Director Keith Prewitt

99. The Officer of Civil Rights and civil Liberties has not provided any evidence of not receiving Golub's multiple civil rights complaint to her office or direct complaint sent to her personal Facebook page on 05 /08/2011

100.Plaintiff has exhausted any administrative remedies that might exist.

101. there are No other remedy exists for plaintiff to resolve Defendants' delay

102. The federal officers including Prewitt, Goodes, the Officer for civil rights and civil liberties Schlanger have simply not  given  Plaintiff any indication over the past year as to when if at all they will perform their lawful statutory  duties unreasonably withheld as a results of the  injuries alleged in this complaint.

103. Defendants violated his right to due process by failing to act upon in a timely  timely manner his civil rights complaints

104.The defendants have  interfered with, foreclosed and/or rendered effectively

unavailable the plaintiff's resort to the remedies that he was entitled to pursue

105. Plaintiff has been have been deprived of this piece of mind to be secure in his person and deprived of his important civil rights protections to which he is entitled as a person of the Jewish faith ,of the Cherokee and Choctaw nation and as a Citizen of the United States .

## Constitutional Framework

106. The First Amendment to the Constitution of the United States prohibits the government from interfering with, abridging, or otherwise discriminating against a person on the basis of that individual's associations, expression, religion or speech

107. the Fourth Amendment to the Constitution of the United States protects an individual's right to be secure in his or her person, house, papers, and effects, against unreasonable searches and seizures. The government may not violate an individual's rights in this regard without a warrant issued by a neutral and detached magistrate, based upon probable cause, supported by an oath or affirmation, and which particularly describes the place to be searched, and the persons or things to be seized

108. Fifth Amendment to the Constitution of the United States guarantees every citizen equal protection of the laws The Fifth Amendment to the Constitution of the United States prohibits the federal government from depriving any person of "life, liberty, or property

without due process of law

Claims for Relief

109. For each of the claims I- IV  the federal Defendants each owe a legal duty pursuant to the US Constitution Article VI clauses 2, 3 and Title 5 & 3331 to uphold the guarantee of due process of law and Golub's other rights guaranteed by the US Constitution .(I) to uphold Executive Order section 2.1

110. Each injury identified in each claims  is a direct, proximate foreseeable and intended results of the failure to each of each federal defendants as they conducted warrant less Law enforcement activity to  which the  Defendants have recklessly or intentionally, and unlawfully deprived Golub of equal protection of the laws by the flagrant violations of (I)Title 5 § 3331,(ii) article VI of US Constitution clause 2,3 , (iii)DHS management directive 04801.01 resulting in violations of 5 C.F.R § 2635.101 (a-c) and any all other internal 'USSS" or "DHS" policies,(iv) executive order 12333 section (2.1)

111. Unless otherwise specified, all allegations in this claim about Defendants' conduct are alleged against each and every Defendants,  individually and acting within their respective official capacities as federal officials and federal agencies though not always enforcing a particular law For each and every claim  pleaded in this complaint, all facts in paragraphs

1-105 are realleged and incorporated by reference.

*Claim I* - 42 U.S.C. §§ 1981&1983 - *Violation of the Fifth Amendment to the U.S. Constitution - Denial of Equal Protection-Substantive Due process- defendants- Goodes , Burns, Smith aka, Bartlett aka, Jane Doe # 3 aka ,Jane Doe # 4  (Mckenzie) aka,*

112.Plaintiff re-alleges Paragraphs one through 1-1$1 as though fully set forth herein

113.Plaintiff is entitled to the Due Process and equal protection of the laws under the Fifth amendment of the United States and 42 U.S.C. §§1981& 1983

114. Defendants failed to ensure they had (1)probable cause (2) adhere to the particularity requirements of the Fourth amendment of the United States Constitution
As they conducted \warrant less video surveillance  with oral intercept conduct denied plaintiff his the *Substantive Due process of* Fifth Amendment interest

115. the federal defendants warrant less video surveillance with oral intercept  search and seizures  deprived, oppressed plaintiff's substantive Fifth  amendment rights to due process right to  by failing to submit to a neutral , detached magistrate pursuant to 18 U.S.C. §2518(1-12)  et. seq  for review to ensure the swearing officer(s) of any  writ request complied with those statutory or mandatory duties that would  enable  the plaintiff

inability of the special agents to reasonably obtain real-time captures they needed by

normal investigative techniques were deemed to dangerous

118. the federal defendants denied plaintiffs his fifth amendment rights

substantive due process and his liberty interest in the protections afforded him

as an American citizen when a Federal officer adheres to DHS management

directive 04801.01 mandating compliance with code of ethics prescribed by 5

C.F.R § 2635.101 (a)(b1- b11)

*Claim II* 42 U.S.C. § §1981 & 1983- *Bivens- Procedural due process Fifth*

*Amendment claims -defendants- Smith aka, Bartlett aka, Jane Doe # 3 aka ,Jane Doe*

*# 4 (Mckenzie)*

119. Plaintiff re-alleges Paragraphs one through 1-118 as though fully set forth herein.

120.Plaintiff is entitled to equal protection of the laws under the Fifth amendment of the

United States and 42 U.S.C. §§1981& 1983

*121.the individual federal defendants failed to comply with those rules set forth by 18*

*§ 2518 (1)(a)(b1-iv),( C ) ,( d),(e),(f),4(a-e),(5),7(1-iii),8(c),"FRCP 41" denying,*

Oppressing, depriving plaintiff as aggrieved person to move to suppress the contents of

any wire or oral communication intercepted pursuant to this chapter on the grounds that

they violated Title 18 § 2518 pursuant the redress Title 18 § 2518 (10)(a)(i-iii) *denying*

*plaintiff his procedural due process rights guaranteed by the fifth amendmen*t

122.The *federal defendants conduct individually denied plaintiff his procedural due process rights guaranteed by the fifth amendment by failing to adhere to their specific statutory duties to adhere to the Rules set forth* by "FRCP 41 and" ,Title 18 § 2518 (8)(d3) .Their   individual failures   thwarted the duty of   the neutral and detached magistrate to cause to be served, those inventories to which Golub as a person named in any   order or the application's to intercept his    communications as the judge may determine in his discretion that is in the interest of justice, service of an inventory pursuant to Title 18 § 2518  8 (D)(1-3). And  "FRCP"  to conduct video surveillance

123. The injuries suffered by  the Golub's to his  constitutional rights as an aggrieved person were   reasonably foreseeable" that plaintiffs' injuries would result from their acts

*Claim III 42* U.S.C. §§ 1981 &1983- *Violation of the Fourth Amendment to the U.S. Constitution - Unlawful Search and Seizure ,, Smith aka, Bartlett aka, Jane Doe # 3 aka, Jane Doe # 4 (Mckenzie) aka*

124..Plaintiff re-alleges Paragraphs one through 1-123 as though fully set forth herein.

125. Plaintiff is entitled to the  equal protection of the laws under the Fourth amendment of the United States and 42 U.S.C. §§1981& 1983.

126. The government may not violate an individual's rights in this regard without a

searched, and the persons or things to be seized

127. the defendants denied Golub's his clearly established due process right against unreasonable search and seizure to be secure in his (I)privileged conversation (ii)person,(iii) documents,(iv) papers,(v)email,(vi)US mail,(vii) non public information(vii) his person,(ix)home(x)automobile as (xi) were search, his private and privileged conversations were seized without probable cause to believe he had committed any offense(x1)internet use/searches(x) of his religious participation inside a Hebrew Temple

128. On 09/17/2010,The defendants violated their statutory duty pursuant of Article III of the US Constitution codified by 42 U.S.C. § 2000bb (a)(3) by substantially burdening Golub's federally protected exercise of his protected freedom of religion during the Jewish High Holiday of Yom Kippur. Their *warrant less searched seizure by video surveillance with oral intercepts individually "chilled"* his participation of his religious observance and "chilled " his right to be free from unreasonable search and seizures of his privileged religious activity

129. Defendants' conduct proximately caused significant injuries, damages, and losses

*Claim IV - Bivens- Fourth Amendment claims -defendants- Smith aka, Bartlett aka, Jane Doe # 3 aka ,Jane Doe # 4 (Mckenzie) aka,*

*130. Pl*aintiff re-alleges Paragraphs one through 1-129 as though fully set forth herein.

131 Plaintiff is entitled to the Due Process and equal protection of the laws under the Fourth amendment of the United States and 42 U.S.C. §§1981& 1983

132. The actions of Defendant as described herein, while acting under color of state and/or federal law, though not enforcing a particular law intentionally deprived Golub of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, including his right to freed from unreasonable ,unlawful searches 42 U.S.C. §1981,1983.

133. The government and its agents thus owe a legal duty to not violate an individual's rights under the Fourth Amendment To conduct video surveillance with oral intercept or search and seizure, the government and its agents ordinarily must obtain a warrant issued by a neutral and detached magistrate, based upon probable cause, supported by an oath or affirmation, and which particularly describes the place to be searched, and the persons or things to be seized.

134. Defendants deliberately and improperly and intentionally, knowingly, and recklessly subjected him to an illegal, demeaning, and invasive search without any reasonable justification.

135. The injuries suffered by the Golub's to his constitutional rights as an aggrieved person were reasonably foreseeable" that plaintiffs' injuries would result from these acts

136. Defendant's conduct proximately caused damages to Golub

**Claim V – United States-Intentional and negligent infliction of emotional duress**

**137. Plaintiff realleged paragraphs one through 1-136 as though fully set forth herein**

138. As a direct, foreseeable and intended result individual failure of each federal officer duty to care as they conducted warrant less video surveillance with oral intercept, and search seizures violating the regulatory and statutory procedures ad contrary to law was part of their of the individual tortuous activity, the aforesaid Conduct of the federal defendants employed by the" DHS component the "USSS and their Superior Officers, Special Agents herein set forth was at time odious, outrageous and unethical violations of the of the Title 5 § 3331 ,5 C.F.R 2635.101 (1)(b1-11),and other USSS directives policies ,regulations, and contrary to law   Their actions were willful, wanton, intentional, and remain an Ongoing pattern of illegal behavior, and acts that were designed to cause intentional negligent Infliction of emotional .The alleged acts are actions that a private person would be liable under Indiana law

**Claim VI – 42 U.S.C. §§ 1981 1983   Bivens- Intentional infliction of emotional duress claims –defendants- Smith aka, Bartlett aka, Jane Doe # 3 aka ,Jane Doe # 4  (Mckenzie) aka**

139. Plaintiff re-alleges Paragraphs one through 1-138 as though fully set forth herein

139.As a direct, foreseeable and intended result of the failed of each of the federal officer

duty to care due to individuals warrant less video surveillance with oral intercept, and

search seizures lacking adherences to the regulatory and statutory procedures and

contrary to law was part of their tortuous conduct, the aforesaid Conduct federal

defendants employed by the" DHS component the "USSS and their Superior Officers,

Special Agents herein set forth was at time odious, outrageous and unethical and a

Violation of the Title 5 § 33315 C.F.R 2635.101 (1)(b1-11),.and other USSS directives,

policies ,regulations and contrary to law Their actions were willful, wanton intentional,

and remain an ongoing pattern of illegal behavior, and acts that were designed to cause

intentional infliction of Emotional duress. The alleged are acts those a private person

would be liable under Indiana law

**Claim VII–**  42 U.S.C. § 1981&1983 *Bivens- Negligent infliction of emotional*
*duress claims -defendants- Smith aka, Bartlett aka, Jane Doe # 3*
*aka ,Jane Doe # 4  (Mckenzie) aka  Intentional infliction of emotional duress*

140. Plaintiff re-alleges Paragraphs one through 1-139 as though fully set forth herein.\

141. As a direct, foreseeable and intended result of the individual , foreseeable and

intended result of the individuals warrant less  video surveillance with oral intercept, and

search seizures lacking adherences to the  regulatory and statutory  procedures as part of

their as part of their tortuous activity, the aforesaid Conduct federal defendants employed

by the" DHS component the "USSS and their Superior Officers, Special Agents herein set

forth was at time were odious, outrageous and unethical and a Violation of the Title 5 §

3331,5 C.F.R 2635.101 (1)(b1-11),.and other USSS Directives policies ,regulations

contrary to law . Their actions were willful, wanton, intentional, and remain Ongoing

pattern of illegal behavior, and acts that were designed to cause intentional infliction of

Emotional duress. The alleged acts are actions that a private person would be, liable

under Indiana Law


### *Claim VIII- 5 U .S.C. § 701 et seq. Writ of mandamus- –Title 6 U.S.C. Officer of Civil rights and civil liberties Margo Schlanger in her official capacity only*


142 .Plaintiff re-alleges Paragraphs one through 1-141 as though fully set forth herein.

143.. Plaintiff has exhausted any administrative remedies that might exist, there are No

other remedy exists for them to resolve Defendants' delay 144. As a results of the

unreasonable delay or withholding of her duties owed

Denied plaintiff access to her services owed pursuant to Title 6 U.S.C.§ 111 (b1)(g)

and § 345 (a3-4) outlining DHS" mission to **ensure that the civil rights and
civil liberties of persons are not diminished by efforts, activities, and
programs aimed at securing the homeland(a) That there is adequate
supervision of USSS to ensure protection of privacy and civil liberties;**

and **(b)** That there are adequate guidelines and  oversight to properly

confine its use,(C ) compliance with Executive order 12333 section

(2.1)


145. The Civil rights and civil liberties officer of the DHS injured plaintiff by  her

withholding or unreasonably delaying her duties charged her pursuant to Title  42 §

2000ee-1 a( **2)** ,4(a,b,c) ,4(b2) including those charged duties to ensure

that such "USSS" Indianapolis field office is adequately considering

privacy  and civil liberties in its actions as they target Golub or other

Americans  pursuant to their charged duties defined by Title 18 §

3056 et.seq.


146.The Office of civil rights and civil liberties has withheld or unreasonable delayed her

duties pursuant to Title  42 § 2000ee (a2) ,**(a3),2 including  to**  ensure that

the "USSS agency has adequate procedures to  investigate, respond

to, and redress complaints from Golub who alleged the "USSS" has

violated their privacy or civil liberties


147. The Officer of civil rights and civil liberties has withheld or unreasonable delays her

duties pursuant to Title 6 U.S.C. § 345 (a4),(a5) resulting in

numerous constitutional deprivations of privacy and other

fourth amendment violations during a "USSS" program of which

Golub is subject or Target  of pursuant to Title 18 § 3056

et seq.

148. The Officer of civil rights and civil liberties has withheld or unreasonable delays her duties pursuant to Title 6 U.S.C. § 345(a)6 to investigate complaints and information indicating possible abuses of civil rights or civil liberties

149. By failing to investigate Golub complaints about the civil rights abuses by those federal officers of the 'USSS" Indianapolis Field office the Officer of civil rights and civil liberties injured plaintiff by her unreasonable delays or withholding her duties pursuant to Title 6 U.S.C. §345(a)(9),(b1)(g),(4),(5),(6)

150. The Officer of civil rights and civil liberties has withheld or unreasonable delays her duties pursuant to charged her pursuant to Title 6§ 345 (4) oversees compliance with constitutional, statutory, Regulatory, policy, and other requirements relating to the civil Rights and civil liberties of individuals affected by the Programs and activities of the Indianapolis Filed office of the "USSS" has injured plaintiff

151. The Officer of civil rights and civil liberties has injured plaintiff due to her withholding of or unreasonable delays her duties pursuant to charged her pursuant to Title 6 §345(3)to assist the Indianapolis field office of

"USSS" and the "USSS" to  develop, implement, and

periodically review their Departmental policies and

procedures to ensure that the protection Of Golub's civil

rights and civil liberties is  appropriately incorporated

Into "USSS" Indianapolis Field office programs and

activities

*152.* The Officer of civil rights and civil liberties has injured plaintiff due to her

withholding of or unreasonable delays her duties pursuant

***Claim IX- 5 U.S.C. § 701 et.seq. Writ of mandamus-Prewitt, Goodes, Burns, Smith***

***aka, Bartlett aka, Jane Doe # 3, Jane Doe # 4 (Mckenzie) in their official capacity***

153. Plaintiff re-alleges Paragraphs one through 1-152 as though fully set forth herein.

154. Title 6 U.S.C. § 345 (a4) and Title 6 § 111(1g)  outlines "DHS" mission to ensure

that the civil rights and civil liberties of persons are not diminished by

efforts, activities, and programs aimed at securing the homeland

155.The USSS officers inured plaintiff as they failed to comply or have

not performed those mandatory and statutory duties set forth with

Title 5 § 3331 ,Executive order 12333 section (2.1)and other  internal

procedures of the USSS to uphold Plaintiff Constitutional rights as

alleged in this complaints

**156.** The defendants delayed or withheld completing any  investigations into civil rights abuses  pursuant to those duties mandated by law, DHS management directive 04801.01 issued another internal "USSS" or "DHS" policies and procedures set forth by the Office of civil rights and liberties  cannot Be attributed to Plaintiffs in any way

*157.* Plaintiff has exhausted any administrative remedies that might exist.

158. No other remedy exists for them to resolve Defendants' delay

159.  Pursuant to  title 5 §702A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof

160. Pursuant to Title 5§ 702 the withholding  and unreasonable delay of those duties charged by Schlanger, Goodes,Burns,4 Does that are not already subject to a judicial review are a final agency action for which there is no other adequate remedy in a court are subject to judicial review

161.The defendants in this case have failed to  comply with their duty pursuant to Title U.S.C. § 345 (b1) (g) to ensure that the civil rights and civil liberties of Golub are not diminished by efforts, activities,

Title U.S.C. § 345 (b1) (g) to ensure that the civil rights and civil liberties of Golub are not diminished by efforts, activities, and programs of the "USSS

162.The Defendants have failed those duties that mandate compliance With constructional rights, statutory, regulatory, policy, 5 C.F.R 2635.101 a)(b1)(b5)(b8)(b11)(b13)(b14) the "DHS ""management directive 04801.01 and Sections 2.1 of executive order 123333

163.Pursuant to Title 42 § 2000ee-1 Prewitt, Goodes, Burns and the Four Jane does have an duty to assist the Officer of Civil rights and Civil liberties prescribed by subsection (d) , ( 4) to allow review of and surveillance audio and video repository made up of each unconstitutional video search and seizure or oral intercept that is outlines as a civil rights abuse claims by the Plaintiff.

164.The Officer of civil rights and liberties has failed to use her authority granted her by Title 42 § 2000ee(a1)(d) to seek and mandate the assistance of Prewitt ,Goodes, Burns, Smith aka ,Bartlett aka, Jane Doe # 3 ,Jane Doe # 4 (McKenzie) provide her in the investigations of the civil rights abuses complained to her as having to have occurred and reoccurred by those federal officers of the USSS.

*Claim X-* 42 U.S.C. §§ 1981 1983   *Bivens -Duty to Care--*

*Smith aka, Bartlett aka, Jane Doe # 3 aka, Jane Doe # 4 (Mckenzie) aka*

165. Plaintiff re-alleges Paragraphs one through 1-164 as though fully set forth herein.

166. Each "USSS" Federal officer, by their official duties pursuant to Title 18 § 3056 et.seq and those statutory guidelines regulating their Conduct, duties, activities, Programs for or of for the 'USSS" alleged in this complaint each affirmatively undertook as prescribed by their oath of Title 5 § 3331, agreed to uphold, defend and protect the plaintiff individual constitutional rights in his home or other privileged Locations, in addition to upholding his the right to redress the government or its federal officers, and the plaintiff relies upon their undertaking of those duties :

(1) A federal officer conducting video surveillance with or without oral intercept must comply with those statutory ,ethical, constitutional ,procedural duties to seek, swear out and perform video surveillance with or with out oral intercept

(2) A federal officer must comply with those statutory ,ethical, constitutional ,procedural lawful duties to seek, swear out a writ to perform oral intercept, wiretap

(3) The federal officer must comply with those statutory ,ethical, constitutional ,procedural lawful duties to seek , swear out a writ to perform search and seizure with conducting video surveillance

(4) Sac Goodes, Asac Burns have a duty, authority to ensure and mandate each those special agents under their charge adhere to those statutory ,ethical, constitutional ,procedural and lawful duties as each special agent they seek, swear out a writ to perform

(I)search and seizure(II)oral intercept(2)video surveillance (3)oral intercept

167.The defendants had interfered with, foreclosed and/or rendered effectively
unavailable the plaintiff's resort to the remedies that he was entitled to pursue for redress

168.The injuries suffered by the Golub's to his constitutional rights aggrieving his
persons were reasonably foreseeable by the defendants to know " that plaintiffs' injuries
would result from the their acts or omission

169.Federal statute specifically provides for a cause of action against an official
for injuries resulting to a particular individuals  Due to their failure to enforce certain laws;
or  a cause of action involving intent, malice, or reckless misconduct

Claim XI- Violations of U.S.C 18 § 2707 - *Goodes  Burns, Smith aka, Bartlett
aka, Jane Doe # 3 aka, Jane Doe # 4 (Mckenzie) aka*

*170.*Plaintiff re-alleges Paragraphs one through 1-169 as though fully set forth herein.

*171. Plaintiff* is entitled to the Due Process and equal protection of the laws under the
First, Fourth fifth amendment of the United States Constitution

172.The federal  defendants named in this  complaint conducted oral incepts in violation of
Title 18 §  2510 et seq.

173. The federal officers failed to adhere top those statutory duties set forth by Title 18 § 2518 4(3) to minimize the interception of communications not otherwise subject to interception under this chapter"

174. Title 18 U.S.C § 2707 (b1-b3)& ( C ) states " person aggrieved by any violation of this chapter in which the conduct constituting a violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Claim XVI - Violations of U.S.C. 18 § 2712- United States

175. Plaintiff re-alleges Paragraphs one through 1-174 as though fully set forth herein.

176. The warrant less conduct the 'USSS" federal officers violated their a duties pursuant to Title 18 Chapter 119 § 2510 et.seq.(ii) fourth (iii)and fifth amendments (iv) "FRCP 41

177. Each of the 'USSS" federal officers failed in their a statutory duties pursuant to Title 18 § 2518 4(c ),(5) due to their warrant less activity

178. Title 18 § 2712 (a) Provide for redress for violations of Title 18 § 2510 et seq to an aggrieved person who successfully establishes such a violation of this chapter

*Prayer for relief*

*a.* compel Defendants Prewitt, Goodes, Burns and those Doe special agents acting under them to perform their duties to uphold Golub's' constitutional rights pursuant to Article VI clauses 2 and 3 of the United States Constitution, pursuant DHS management directive 04801.01 issued on 03/01/2003  to 5 C.F.R §
2635.101(a(,(b1),(b5),(b11)(b13)(b14

b. to Compel  performance of those duties owed Golub pursuant to By Title 6 § 111 et seq, to Title 5 §  3331  by Defendants Prewitt, Goodes, Burns  and those Doe special agents  comply with compliance with constitutional, statutory, regulatory, executive orders,  policy, and other requirements relating to upholding plaintiff' civil rights and civil liberties of individuals affected by or diminished by the "USSS" programs and activities of the Department subject to judicial review pursuant to Title 5 § §701 - 706 et seq.

c. to Compel performance of those duties owed Golub pursuant to Title 6 § 111 (g) Defendants Prewitt, Goodes, Burns  and those Doe special agents  to ensure that the civil rights and civil liberties of Golub are no longer diminished by efforts, activities, and programs aimed at securing the homeland;

d. To Compel performance of those duties owed Golub by Defendants Prewitt, Goodes, Burns and those Doe special agents acting under them to those duties owed pursuant Title

18 § 3056 ET .seq ,(ii) Title 6 § 111 (b1)(g) that are instrumental for the USSS and it

special agents to be compliant with Title 6 § 345 (a3) develop, implement, and

periodically review Department policies and procedures to ensure that the protection of

civil rights and civil liberties is appropriately incorporated into Department programs and

activities

e. To compel performance of those duties pursuant to Title 6 § 113 owed Golub by

Defendant Prewitt, Goodes, Burns, the 4 does to perform their duties to ensure that the

Officer of Civil rights and Liberties general have their (d) Agency cooperation The head

of each department, agency, or element shall ensure that each privacy officer and civil

liberties officer— (1)has the information, material, and resources necessary to fulfill the

functions of such officer; (2)is advised of proposed policy changes; (3)is consulted by

decision makers; and (4)is given access to material and personnel the officer determines

to be necessary to carry out the functions of such officer as it related to those civil rights

complaints filed by Golub

f.To compel performance of those duties owed Golub pursuant To Title 42 § 2000 ee-1

et.seq. by Defendants Goodes, Burns and those Doe special agents acting under them. To

ensure plaintiff freedom of religion is not substantially burdened in violation of this

section Title 42 § 2000 bb-3.seq or first amendment

g. To compel performance of those duties owed Golub pursuant To Title 6 § D (1) (D)

4) owed by Defendants Goodes, Burns and those Doe special agents acting under them

h. To compel Defendants and those acting under Prewitt Goodes ,Burns ,Goodes and the 4 Does to perform their duties to complete their duty to complete investigations into the civil rights abuses committed by those federal officer  of the 'USSS" Indianapolis Office as set forth by any internal policies, procedure of the "USSS" and according to US law and contrary to Executive order 12333  section (2.1)

I. To compel Defendant Schlanger and those acting under her to perform those duties owed to pursuant to Title 6 § 345 et seq.

j. To compel Defendant Schlanger and those acting under her to perform their duties pursuant to  Title 6 § 113 (f) Performance of specific functions  Subject to the provisions of this chapter, every officer of the Department shall perform the functions specified by law for the official's office or prescribed by the Secretary

k. To compel Defendant Schlanger and those acting under her to perform their duties pursuant to Title 6 U.S.C. § 345 345(a)(9),(b1)(g),(4),(5),(6) to complete  Investigations into the civil rights abuses committed by those federal officer of the 'USSS" Indianapolis Office by compelling her to performs the following duty to ensure Golub's  constitutional guarantees are upheld by those federal officer of the "USSS"  for any program or activity conducted by the "USSS" to which Golub's' constitutional rights are Exposed  to any and  all instrumental functions of the  USSS program or activity such as those alleged in this complaint

l. Compel **the Officer of civil rights and liberties  to ensure those duties charged her via her official appointment to her post as owed by oath Title 5 § 3331 set forth** by (i) Title 6 U.S.C.§111 (b1) (g) ,(ii)Title 6 U.S.C. *§* 345 (a)(a9).(,b)(b1) (g),(iii (4)(a-c).(iv)5(a)(6),are performed by her to enforce Golub civil rights and those liberty interest he is entitled to by her performance her statutory duties to protect Golub civil liberties from further and future the abuses by the federal officers of the "DHS" component "USS

m. Compel the Officer of Civil right and civil liberty to perform those statutory duties charged  her pursuant to her oath  of office **set forth by (i)Article VI clauses 2 and 3 of the U.S. Constitution codified by Title 5 § 3331,(ii)**Title 18 § 3056 ET .seq. (iii) "DHS" directive to DHS management directive 04801.01 mandating a federal employee duty to adhere to 5 C.F.R § 2635.101 (a)(b1-b11),Executive Order 12333 (2.1)

n. To compel  performance of those duties owed Golub pursuant To Title 42 § 2000 ee-1 et.seq. by Defendants and the Officer of Civil rights and Liberties of the "DHS". To ensure  plaintiff freedom of religion is not "chilled" or substantially  burdened in violation of this section Title 42 § 2000 ee-1 et.seq and the first amendment of the US Constitution

0.Compel the Officer of Civil right and civil liberty to perform those statutory duties

charged her to ensure each federal officer assigned to some instrumental surveillance or
duty to which the Plaintiff is subject or target of adhere to comply with those duties
charged each of them unequivocally as federal officer owe plaintiff pursuant to Article VI
clause 2,3 and Title 5 § 3331 (sworn oaths) DHS management directive 04801.01
issued on 03/01/2003 with respect to adhering to 5 C.F.R § 2635.101(a-c) and
Executive order 12333 (2.1)


p. Compel the Officer of Civil right and civil liberty pursuant to:(1) Title 6 U.S.C.§111
(b1) (g) 1,(2)Title 6 U.S.C. § 345 (a,b)(b1) (g),(3) (4)(a-c).(5(a)(6),(3)Title 42 § 2000-
ee to perform those statutory duties charged her to ensure the 'USSS" each federal
officer assigned to some instrumental surveillance or duty to which the Plaintiff is subject
or target complied with agency policy ,procedure of individual duty to comply with:(1)
Title 6 U.S.C.§111 (b1) (g) ,(2)Title 6 U.S.C. § 345 (a,b)(b1) (g),(3) (4)(a-
c).(5(a)(6),(3)Title 42 § 2000-ee , Executive order 12333 (2.1)


q. Compel the Officer of Civil right and civil liberty to perform those statutory duties
charged her pursuant to her oath of office as an employee and office of the Department
OF Homeland Security pursuant to ensure the "USSS" of the Indianapolis field Division
and those who serve the 'USSS' comply with those procedural statutory duties owed
pursuant to (i)Title 18 § 2510 et seq. ,(ii)Title §18 2518 (1)( C),(iii)(4a), (5),(iv)Title 18
§ 2518 4(3),(v).Title 18 § 3056 et seq,(vi) Rule 41 et. Seq.,(vii) Title 18 §§
3103(a), 3104 ,(viii)Title 18 § § 3110 ,3111 ,(ix)"FRCP;41 (g) & (d)adhere
to strict requirements of the 4th amendment (x)comply with executive

order 12333(2.1)

r. Compel the Officer of Civil right and civil liberty to perform those statutory duties

charged her pursuant to her oath of office as an employee and office of the Department

OF Homeland to ensure the Federal officers of the "USSS' comply with (i)MD number:

123-05 on 05/31/2007 (ii)oral intercept and (iii)video surveillance (iv )physical

surveillance or (v)any instrumental definition of surveillance substituted for the words oral

intercept/video surveillance with the aid of technological search aides,(vi)"DHS

directive 4001.1 issued by Wireless national office(vii)the Omnibus

crime control and safe streets act of 1968, Public law 90-351.82 stat

197, 42 U.S.C. §3711 and any it subsequent amendment if any set

the mandatory rules for obtain wiretap orders (viii)Foreign Intelligence

Surveillance Act (FISA). See 50 U.S.C. Secs. §1801-12, (X) comply with Executive order

12333 section (2.1)


s.Find for Judicial review of the "USSS" and its special agents conduct not subject to any

statutory review alleged in this complaint that violates known US law, Title § 6 et seq.,

statutory rules and regulations and "DHS" police guidelines or mission that are subject to

judicial review or non statutory judicial review pursuant to 5 U.S.C § 701- 706


t. Pursuant to Title 5 § 706 (1) (1) compel "USSS" Federal officers and officer of civil

rights and liberties to perform agency action(s) unlawfully withheld or unreasonably

delayed as alleged in this complaint

u. Pursuant to Title 5 § 706 (2a)Declare the actions the USSS" Federal officers and

Officer of Civil Rights and Civil liberties unreasonably withheld or delayed as alleged in

this complaint to be  arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law

v.Compel those actions be performed by actions the USSS" Federal officers and

Officer of Civil Rights and Civil liberties  pursuant to Title 5 § 706 (2B) by each of the

federal officer name  this complaint having been declared contrary to constitutional right,

power, privilege of the "USSS" as it relates to their warrant less conduct ,failure to act

upon the civil rights abuse reported by Golub

w.Declare those actions  of each of those federal defendants that led ,allowed and

permitted ,supervised ,participated in, audited, managed the  "USSS" warrant less  video

surveillance with oral intercept pursuant to Title 5 §706(2C) in excess of statutory

jurisdiction, authority, or limitations, or short of statutory right;

x.Declare pursuant to Title 5 §702 (2d) that each of the federal defendant warrant less

video intercept with oral intercept allowed ,conducted, supervised, participated ,reviewed,

audited in or manage is found to be without observance of procedure required by law;

y. Compel the Officer of Civil right and civil liberty to perform those statutory duties

charged  her pursuant to her oath  of office as an employee and office of the Department

OF Homeland  to ensure the Federal officers of the "USSS' to ensure comply with 42

U.S.C § 2000bb(a)(b2)  Golub freedom of religion is no longer chilled or substantially

burdened as  he observes or participate in his Hebrew faith at a temple or place of worship

off his choosing free from audio and video surveillance on the High Holidays of
Yom Kippur dung the Kaddish prayer/service


z. Declare relief for Plaintiff's favor pursuant to 42 U.S.C § 2000bb ( C )

that enable the plaintiff to be free of government interference of his First,Fourth,Fifth

amendment rights as he participates and observes his Hebrew faith at a temple or place of

worship off his choosing


Aa. Enjoin the "USSS' special agent plaintiff  pursuant to title 42 § 2000 bb-1(c) to
enjoin, the USSS and it special agents from substantially burdening
plaintiff's freedom religion


Bb. Declare for plaintiff those statutory. judicial relief and or monetary relief pursuant to ,
Title 18 2518(10),Title 18 §  2520(b1) ,Title 18 § 2515 and Title 18 §
2717,


Cc. Find for  damages suffered by plaintiff and award pursuant to Title  18 § 2707 as a

result of the violation, but in no case shall a person entitled to recover receive less than the

sum of $1,000  per violations  ( c ) for willful or intentional damages the court may assess

punitive damages. In the case of a successful action to enforce liability under this section,

the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

Dd. Award money damages for willful violations of if a person who is aggrieved successfully establishes such a violation of this chapter or of chapter 119 of this title the Court may assess as damages— (1)actual damages, but not less than $10,000, whichever amount is greater; and  (2)litigation costs, reasonably incurred

Ee. Award   pursuant to Title 18 § 2520 (b)(1)such preliminary and other equitable or declaratory relief as may be appropriate; (2)damages under subsection (c); and (3)a reasonable attorney's fee and other litigation costs reasonably incurred

Ff. Award Golub Monetary damages pursuant the Federal Tort Claims Act and Title18 § 2712(a) (1-2)  against United States in the sum of $5,000,000.00

Gg.Award Golub for Punitive  ,damages pursuant The Bevins claims against ,Diane Smith aka Jane Doe # 1 ,Melody Bartlett aka Jane Doe # 2,Jane Doe # 3 aka, Jane Doe # 4 aka McKenzie a nickname in the sum of $ 5,000,000.00 thereon against the individually sued defendants

Hh. Award Golub compensatory damages for $ 5,000,000.00  plus interest Diane Smith aka Jane Doe # 1 ,Melody Bartlett aka Jane Doe # 2,Jane Doe # 3 aka, Jane Doe # 4 aka McKenzie a nickname against the individually sued defendants

Jj. Request t for Jury trial on the Bivens Claims

Kk. Request for reasonable attorney fess only in the event incurred in this actions as

provided by multiple statutes only in  the event Golub  successfully to retain counsel

Ll. To grant such other and further relief as this Court may deem just and Proper

Dated June,25,2011

Respectfully Submitted,

Martin C. Golub

Pro-se

Martin C Golub
8275 Craig St # 140
Indianapolis ,In 46250

Pro-Se