UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTIN C. GOLUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-cv-875-RLY-DML |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Summary Judgment**

In his supplement to his complaint filed on May 22, 2012, plaintiff Martin Golub made a claim against the United States Secret Service under the Freedom of Information Act ("FOIA") and Privacy Act ("PA"). Specifically Mr. Golub challenges the responses he received to FOIA requests. The defendant moves for summary judgment on this claim. The plaintiff has responded and has filed a cross motion for summary judgment.

**I. Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion."

*Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## II. Facts

On July 25, 2011, the Secret Service FOIA/PA Office received a letter from Mr. Golub requesting:

> information for records relating for the time frame of 01-01-2010 thru the present date for any and all written correspondence agency records in any form, including emails, surveillance documents as held in the operating system repository of the Indianapolis Field Office of the Secret Service, or any branch of the Secret Service, copies of served or requested oral intercept/wiretap affidavits, copies of requested or served search warrants, inventories of any search and seizure activity as a result be a person of interest of target of a Protectee service programs pursuant to Title 18 Section 3056 *et seq*.

The Secret Service sent a letter to Mr. Golub acknowledging receipt of the request on August 24, 2011.

On October 14, 2011, the Secret Service received another letter from Mr. Golub updating his records request to include the time frame January 1, 2010, through the present date for the "names and official titles and mailing addresses of these special agents assigned to a field assignment that conducted surveillance activities on myself" from January 1, 2010, through November 27, 2010. On or about January 15, 2012, Mr. Golub requested expedited processing of this request.

On January 17, 2012, the Secret Service FOI/PA Office sent a letter to Mr. Golub informing him that he was a person of record within the Agency's Protection Information System.

On February 8, 2012, the Secret Service FOI/PA Office received a letter from Mr. Golub appealing the Agency's decision. By this time, Mr. Golub had filed this lawsuit challenging the Agency's action or inaction related to the records request. On February 9, 2012, the Secret

Service FOI/PA Office sent a letter to Mr. Golub denying his request for expedited processing. On March 5, 2012, the Secret Service responded to Mr. Golub's January 21, 2012, "notice of appeal" and informed him that because his allegations were the subject of pending litigation, the letter would be forwarded to the United States Attorney's Office.

Pursuant to Mr. Golub's FOIA Request, the FOI/PA Office has conducted a search for responsive records. To conduct this search, the Secret Service FOI/PA Office conducted a search for his name, social security number, and date of birth in the Secret Service's Master Central Index (MCI). The MCI is an on-line computer system used by Secret Service field offices, resident offices, resident agencies, protective divisions, and headquarters divisions for a variety of applications. The MCI provides a record keeping system of information on Secret Service cases and subjects of record in investigative, protective, and administrative files maintained by the Secret Service. Individuals on whom the Secret Service maintains records are indexed when possible by name, social security number, and/or date of birth. If the Secret Service is maintaining records on a particular individual in any Secret Service office, a search of that individual's name in the MCI would result in a list of the case number(s) for the investigative or administrative file(s) for which that individual is a subject.

Here, the FOI/PA Office conducted a search of the MCI for Mr. Golub's name, and his date of birth and social security number were used to confirm the results. This MCI search identified six references to Martin Golub or Martin C. Golub in one protective intelligence file number that was being maintained by the Secret Service's Strategic Intelligence and Information Division (SII). After identifying the file, a subject matter expert searched them and located potentially responsive records. SII forwarded those potentially responsive records to the FOIA/PA Office for review and processing. It was determined that the file did not contain any information that Mr. Golub has requested. Moreover, it was determined that even if the

documents were responsive to his request, they were protected from disclosure under 5 U.S.C. § 552a(k)(3).

The FOI/PA Office also forwarded a request to search for records to the Investigative Support Division ("ISD") to search for responsive records. The ISD maintains all closed Secret Service investigative files. The ISD reported that it did not locate any records responsive to Mr. Golub's request.

Finally, the FOI/PA Office asked the Indianapolis Field Office, and SAIC Roger Goode specifically, to search all files for any responsive records. The Indianapolis Field Office searched all office paper files, computer hard drives, and emails and did not locate any records responsive to Mr. Golub's request.

### III. Discussion

A. *The Search for Responsive Records*

The Secret Service argues that it is entitled to summary judgment on Mr. Golub's claims because it conducted an adequate search for the requested records.

An agency is entitled to summary judgment in a FOIA suit once it demonstrates that no material facts are in dispute and that it conducted a search that was reasonably calculated to uncover all relevant information. *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg*, 745 F.2d at 1486); *see also In re Wade*, 969 F.2d 241, 249 n.11 (7th Cir. 1992).

Here, the Secret Service presented evidence, in the form of the affidavit of Brady Mills, the agency's FOIA/PA officer, that an adequate search was performed with respect to Mr. Golub's FOIA requests. The Secret Service FOI/PA Office conducted a search for Mr. Golub's

name, social security number, and date of birth in the Secret Service's MCI. This search identified six references to Martin Golub or Martin C. Golub in one protective intelligence file number that was being maintained by the SII. The FOI/PA Office also forwarded a request to search for records to the ISD. Finally, the FOI/PA Office asked the Indianapolis Field Office to search all files for any responsive records. The Indianapolis Field Office did not locate any records responsive to Mr. Golub's request. These facts are sufficiently specific enough to show that the agency conducted an adequate search of its records relative to Mr. Golub's FOIA requests. *See Moore v. F.B.I.*, 366 F. App'x 659, 661 (7th Cir. 2010) (finding no clear error in the district court's conclusion that the agency met its burden by submitting a "reasonably detailed" and "nonconclusory" affidavit describing its efforts).

Mr. Golub appears to assert that because Agent Mills did not take his position as FOIA/PA officer until after Mr. Golub's records requests were submitted he is not qualified to testify as to the records searches. But as the custodian of the records, Mills is qualified to testify regarding records kept with respect to Mr. Golub's requests. Mills explains in his affidavit that he is familiar with Mr. Golub's records requests and that his testimony is based on a review of the documents and records available to him. *See* Evid. R. 803(6). In addition, while Mr. Golub speculates that records and videotapes responsive to his requests must exist, he provides nothing beyond his speculation. This is not sufficient to rebut the evidence provided by the Secret Service that a sufficient search was conducted.

The Secret Service has shown that a reasonable specific and detailed search was conducted for records responsive to Mr. Golub's requests and Mr. Golub has provided no evidence, beyond his own speculation, that this search was insufficient.

B. *The Documents that were Withheld*

The Secret Service next argues that to the extent documents were located but not produced, those documents were properly withheld pursuant to 5 U.S.C. § 552a(k)(3) and nevertheless were not responsive to Mr. Golub's requests. "An agency may withhold documents responsive to a FOIA request only if the responsive documents fall within an enumerated statutory exemption. The agency bears the burden of justifying the withholding, and the court determines *de novo* whether the exemption claimed is appropriate." *Snyder v. Cent. Intelligence Agency*, 230 F. Supp. 2d 17, 21 (D.D.C. 2002) (citing 5 U.S.C. § 552(a)(4)(B); *Department of State v. Ray,* 502 U.S. 164, 173 (1991)). "A district court may grant summary judgment to the government in a FOIA case only if 'the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed.'" *PHE, Inc. v. Department of Justice,* 983 F.2d 248, 250 (D.C.Cir.1993) (quoting *King v. United States Dep't of Justice,* 830 F.2d 210, 217 (D.C.Cir.1987)). Since "[b]oth the court and the requester must look to the affidavits for an explanation of the agency's decision to withhold information ... an affidavit that contains merely a 'categorical description of redacted materials coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate.'" *Id.*

One of the applicable FOIA exemptions includes matters that are "specifically exempted from disclosure by statute." *Id.* One such statute is the Privacy Act. *See* 5 U.S.C. § 552a. The Privacy Act exempts from disclosure documents "maintained in connection with providing protective services to the President of the United States and other individuals pursuant to Section 3056 of title 18" of the United States Code. 18 U.S.C. § 3056 establishes and sets forth the duties of the Secret Service.

Here, the Secret Service has explained that no "surveillance documents" showing "oral intercept/wiretap affidavits," "search warrants," and "inventories of any search and seizure activity" with regard to Mr. Golub exist. In other words, there are no documents responsive to Mr. Golub's records requests. To the extent that documents referencing Mr. Golub were located, the agency has provided a *Vaughn* Index describing the documents and the reasons for their withholding. *See Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973). The document descriptions are specific enough to determine that the documents are not responsive to Mr. Golub's requests. Further, the *Vaughn* Index demonstrates that those documents are properly withheld as maintained in connection with providing protective services pursuant to the exemption provided by 5 U.S.C. § 552a(k)(3).

## IV. Conclusion

The defendant's motion for summary judgment [dkt 99] is **granted** and Mr. Golub's cross-motion for summary judgment [dkt 107] is **denied**.

Mr. Golub's motion to add supplemental exhibits [dkt 113], motion to respond [dkt 115], and motion for enlargement of or stay of time [dkt 116] are each **granted** to the extent that all of Mr. Golub's filings have been considered and treated as timely filed.

This ruling resolves all claims against all parties. Final judgment consistent with this Entry and the Entry of March 25, 2013, shall now issue.

**IT IS SO ORDERED.**

Date: 03/17/2014

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Martin C. Golub
8275 Craig St. #140
Indianapolis, IN 46250